Jason M. Montgomery, OSB #024004
Dole, Coalwell, Clark, Mountainspring & Mornarich, P.C.
810 SE Douglas
P.O. Box 1205
Roseburg, OR 97470
Phone: (541) 673-5541
Facsimile: (541) 673-1156
E-Mail: jason@roseburglaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DCCI, LLC,** | Civil Action No. _____ |
| Plaintiff, | COMPLAINT |
| v. | (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332) |
| **MIKE KEITH,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

**JURISDICTION AND VENUE**

1.      This is an action for breach of contract and rescission arising out of Plaintiff's

purchase of a 1970 Dodge Challenger from Defendants.

PAGE 1 - COMPLAINT (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332)

2.    Plaintiff is a citizen of the state of Oregon.

3.    Defendant Mike Keith is a citizen of the state of California.

4.    The amount in controversy herein is $131,506.22.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2)-(3),

because a substantial part of the events or omissions giving rise to the claim occurred in Oregon,

a substantial part of the property that is the subject of the action is situated in Oregon, and the

defendant is subject to personal jurisdiction in Oregon.

## PARTIES

6.    Plaintiff DCCI, LLC, is a Limited Liability Company organized in the state of

Oregon, with its principal place of business in the state of Oregon.  One or more members of

DCCI, LLC, are residents of the state of Oregon.

7.    Defendant Mike Keith is a resident of San Jose, California.

## FACTUAL BACKGROUND

8.    In February 2013, Plaintiff's managing member, Robert Gonzalez (Gonzalez) was

contacted by a broker regarding a 1970 Challenger automobile (hereinafter, "Challenger")

Plaintiff had been attempting to find for purchase.  The broker referred Gonzalez to Defendant,

who purported to have such an automobile.

9.    After viewing photographs of the Challenger, Gonzalez called Defendant to

inquire about the Challenger.  Defendant informed Gonzalez that the Challenger was in excellent

shape and that, with the exception of some repainting, it was as it came from the factory and had

no other restoration.  Defendant told Gonzalez there was nothing wrong with the Challenger

whatsoever.  Defendant also informed Gonzalez that the Challenger had 33,000 miles on it and

PAGE 2 - COMPLAINT (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332)

represented to Gonzalez that it was driveable. Finally, Defendant told Gonzalez the Challenger had a 354 Hemi engine.

10.     After talking to Defendant about the Challenger, Gonzalez, on behalf of Plaintiff, agreed that Plaintiff would pay $200,000 for the Challenger. The purchase price was based on the pictures of the Challenger and Plaintiff's representations regarding its condition and specifications.

11.     Plaintiff tendered a total of $100,000 earnest money to Defendant to induce Defendant to keep the car available for Plaintiff while Plaintiff inspected the car.

12.     At one point, Defendant traveled to Roseburg, Oregon, where he stayed with Gonzalez. During that time, Defendant made representations about the Challenger that turned out to be false.

13.     The Challenger was delivered to Plaintiff in Oregon.

14.     After receiving and inspecting the Challenger, Gonzales saw that the car did not match Defendant's representations or Plaintiff's reasonable expectations based on those representations. There were numerous material issues with the Challenger, including, but not limited to, the following:

    a.     The car did not match the specifications on the car's data plate in certain particulars;

    b.     The engine's performance was inadequate and inconsistent with a 426 Hemi of the condition represented;

    c.     The Challenger had transmission issues which would soon render it undriveable without substantial repairs;

PAGE 3 - COMPLAINT (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332)

d.  An issue with the choke caused starting problems and required a

replacement part;

e.  The Challenger had received non-factory undercoating which decreased

the car's value substantially;

f.  The repainting on the rear of the car did not match the body color of the

rest of the car;

g.  There was a hole in the dashboard which would require replacement of the

entire dash; and

h.  The seats were defective and missing essential parts.

14.  As a result of the numerous deficiencies in the Challenger, Plaintiff timely offered

to rescind the parties' agreement by returning the car to Defendant provided that Defendant

return the $100,000 down payment and reimburse Plaintiff certain out of pocket expenses it

incurred.  Defendant rejected said offer and/or failed to timely respond to said offer.

15.  Plaintiff is entitled to a jury trial.

## FIRST CLAIM FOR RELIEF

### Rescission based on Fraud

16.  Plaintiff adopts by reference the allegations in the foregoing paragraphs.

17.  Defendant's representations to Plaintiff regarding the condition of the Challenger

were false and were material to the parties' agreement.

18.  Plaintiff promptly disaffirmed the contract by notifying Defendant of its intention

to rescind and offering to return the Challenger upon return of its deposit and payment of its

damages.

PAGE 4 - COMPLAINT (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332)

19.    As a result of Defendant's misrepresentations, Plaintiff has incurred damages in the amount of at least $31,506.22 in the form of transportation costs, inspection costs, parts, labor, and insurance costs.

20.    The Court should order the parties' agreement rescinded, order the Challenger returned to Defendant upon return of the $100,000 earnest money to Plaintiff, and enter judgment against Defendant in the amount of $31,506.22, plus prejudgment interest on $100,000 at the statutory rate.

## SECOND CLAIM FOR RELIEF

### Fraud

21.    Plaintiff adopts by reference the allegations in paragraphs 1-19.

22.    Defendant is liable to Plaintiff for reliance  damages for fraud in the amount of at least  $31,506.22.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

23.    Plaintiff adopts by reference paragraphs 1 through 15.

24.    Defendant breached the parties' contract by failing to deliver an automobile in conformance with Defendant's representations.

/////

////

///

//

/

PAGE 5 - COMPLAINT (Rescission; Fraud; Breach of Contract; 28 U.S.C. § 1332)

25.    As a result of Defendant's breach, Plaintiff has incurred consequential damages in the amount of $31,506.22.

WHEREFORE, Plaintiff requests a jury trial and demands judgment in its favor and against Defendant for the relief sought herein, for its reasonable costs, and for any other equitable relief deemed appropriate by the court.

DATED this May 28, 2013.

Respectfully Submitted,

Jason M. Montgomery, OSB #024004
810 SE Douglas
P.O. Box 1205
Roseburg, OR 97470
Phone: (541) 673-5541
Facsimile: (541) 673-1156
E-Mail: jason@roseburglaw.com
Attorney for Plaintiff